## JNO. C. BROWN v. W. D. CATES ET AL.

### No. 1442.     Decided June 12, 1905.

**1.—Jurisdiction of Supreme Court—Distinct Causes of Action.**

The Supreme Court has no jurisdiction to review on writ of error a judgment on a cause of action which might have been brought in the county court, though it has been litigated in the same action with another and distinct cause and the judgment brought up on writs of error by each of the parties complaining; in such case the writ will be dismissed as to the branch of the case not within the jurisdiction. (P. 135.)

**2.—Limitation—Judgment—Foreclosure.**

The limitation available to a purchaser of property encumbered with a lien to secure a debt of his vendor is that which applies in favor of the debtor against the creditor; and a judgment against the debtor or his estate, rendered before the bar is complete, substitutes for the limitation applicable to the original cause of action that which applies to judgments. But where the debtor had sold the property in his lifetime, and the purchaser is now pleading limitation to an action to foreclose the lien as against him, such effect will not be given to a mere judgment in favor of the creditor against the heirs of the deceased vendor, to which the purchaser was not a party, and which sought neither to charge the heirs nor the estate of deceased with the debt, but only to subject the mortgaged property to the lien, and limitation was not affected by such judgment. (Pp. 136, 137.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Johnson County.

Field sued Cates on breach of warranty of title. Brown, the holder of paramount title, was made a party, and Cates sought foreclosure of a mortgage against him, and appealed from a judgment holding him liable

on the warranty and denying foreclosure. The judgment, as between Cates and Brown, was reversed and remanded, and each obtained writ of error.

*W. J. Ewing,* for plaintiff in error, Brown.—The deed from E. F. Field and wife, to W. W. Pearce to the lot, is an executed contract of conveyance and is not executory, there being no express lien reserved in favor of the vendor. Hale v. Baker, 60 Texas, 217; Baker v. Compton, 52 Texas, 252.

The pretended judgment in favor of appellant against the heirs· of E. F. Field, deceased, is not such a judgment as will stop·the running of the statute of limitation in favor of the estate of E. F. Field, deceased. Schmidtke v. Miller, 71 Texas, 107; McCampbell v. Henderson, 50 Texas, 611; Webster v. Willis, 56 Texas, 468; Buchanan v. Thompson, 23 S. W. Rep., 328.

The note and mortgage upon which appellant seeks a judgment of foreclosure herein against this appellee, Brown, is barred by limitation of four years, and Ewing, the former junior lienholder and purchaser at sheriff's sale, and also Brown, his vendee, can plead limitation in bar thereof as could also W. W. Pearce, if made a party herein. Arledge v. Hail, 54 Texas, 401; Burks v. Watson, 48 Texas, 110; Johnston v. Lasker, 2 Texas Civ. App., 498; Hale v. Baker, 60 Texas, 217; Frank v. Frank, 25 S. W. Rep., 819; Puckett v. Read, 22 S. W. Rep., 515; Herd v. McKenny, 1 Posey, N. C., 83; Riggs v. Hanrick, 59 Texas, 570; Cason v. Chambers, 62 Texas, 305; Bradford v. Knowles, 86 Texas, 508; 2 Jones on Mort. (2d ed.), sec. 1414; Wiltsie on Mort. Foreclosure (new ed.), secs. 214, 215, 118, 142.

*E. L. Stovall* and *Davis & Davis,* for defendant in error, Cates.— We cite the following cases to show that the purchaser at sheriff's sale got only what the defendant in execution had in the lot: Drake v. Davidson, 66 S. W., 889; John B. Hood Camp v. DeCordova, 92 Texas, 202, and the cases cited therein.

We cite the following cases to show that as long as the debt is kept alive the lien continues: Hays v. Tilson, 45 S. W., 480; Flewellen v. Cochran, 48 S. W., 39.

We cite the following to show that the heirs of Field were the representatives of his estate, and that a suit against them kept the debt alive: Stovall v. Allin, 63 S. W., 864.

*Geo. D. Green,* for defendant in error, Field.—E. F. Field, having conveyed the lot in question to W. W. Pearce and subsequently died, the fee to the lot being in Pearce from the date of the deed, neither the heirs nor the legal representatives of the deceased Field, came into the possession or any right to the lot, and the judgment against his widow and children is absolutely void. Schmeltz v. Garey, 49 Texas, 59; Freeman on Executions, 87; Jackson v. Schaffer, 11 Johns, 513; Young v. Taylor, 2 Binn, 228; Lusk v. Davidson, 3 Pen. & W., 229; Morton v. Croghan, 20 Johns., 106; Polk v. Pendleton, 31 Md., 118; Tidd's Practice, pp. 1021 to 1023.

The mortgagor, having conveyed the mortgaged premises and died, a subsequent foreclosure against the heirs or legal representatives of the mortgagor without making the vendee of the mortgagor a party, is absolutely void, and an order of sale thereunder confers no title on the purchaser.   Lockhart v. Ward, 45 Texas, 227; Byler v. Johnson, 45 Texas, 509; Morrow v. Morgan, 48 Texas, 304; Davis v. Lanier, 94 Texas, 455.

WILLIAMS, ASSOCIATE JUSTICE.—This action was brought by W. G. Field to recover of W. D. Cates a sum less than $1,000, for breach of warranty of title to a lot of land conveyed by the latter to the former on the 1st day of February, 1902.   The petition alleged an eviction of plaintiff under judgment in favor of John C. Brown by virtue of a paramount title.   In some way, not clearly shown by the record before us, Brown was made a party to the present action, and Cates, besides his pleadings defensive to the cause of action asserted by Field, pleaded against Brown a cause of action in his own behalf for a foreclosure of a lien on the lot to secure a debt due to Cates, not by Brown but by the estate of E. F. Field, deceased, subject to which Brown was alleged to hold the property.   The district court rendered judgment in favor of W. G. Field against Cates upon the breach of warranty by him alleged, and in favor of Brown upon the controversy between him and Cates. The latter appealed to the Court of Civil Appeals, which court reduced the judgment in favor of Field against him and rendered judgment in favor of Brown, and remanded the cause as between him and Cates for a new trial.   Both Cates and Brown applied for writs in error, the latter asserting that the judgment of reversal practically settled the case against him; and, as this court was of the opinion that this was true and that there was error in this part of the judgment of the Court of Civil Appeals, both applications were granted in accordance with the practice uniformly adopted in cases where more than one application is made.   We are of the opinion, however, that we have no jurisdiction over the cause between Field and Cates.   That action could have been brought in the county court, and where this is true the decision of the Court of Civil Appeals is final.

The controversy between Cates and Brown is legally distinct from that between Field and Cates, and the fact that the parties have seen fit thus to include both in one cause does not make them so dependent, one upon the other, that jurisdiction over the former carries with it jurisdiction over the latter.   Where cases which are entirely distinct are thus connected together, and one, considered by itself, is not within our jurisdiction because the amount in controversy is too small, we have declined to entertain it.   Any other rule would put it within the power of parties to bring within the revisory jurisdiction of this court causes in which the law intends the action of the Court of Civil Appeals shall be final, by merely joining them with others on which they are in no way legally dependent.

The writ of error granted to plaintiff in error, Cates, will therefore be dismissed.

Although the cause as between Cates and Brown is a reversed and

remanded one, we are of the opinion that the judgment practically settles the case, and that upon the allegation of that fact in Brown's petition for writ of error, we may review that part of the judgment. An examination of the record shows that the only defense against the foreclosure prayed for by Cates which is available to Brown, is that the debt to secure which the lien is set up, is barred by the statute of limitations. The Court of Civil Appeals holds that the controlling limitation is that applicable to judgments, and not that applicable to suits upon written contracts. The facts are these: E. F. Field, from whom all the claims emanate, while the owner of the lot in question, executed to Cates, on the 12th day of November, 1894, a deed of trust upon it to secure a note of same date to mature December 6, 1895. Thereafter, on November 13, 1894, E. F. Field conveyed the lot to W. W. Pearce by deed which recited the assumption by Pearce of the Cates' note and the payment of the remainder of the consideration in cash, and contained no reservation of a lien. The title therefore passed to Pearce encumbered by Cates' lien. This deed was promptly recorded. Field paid part of the debt and died in August, 1898, leaving a widow and children as his heirs. Against them Cates brought suit to establish the balance due on the debt, for the purpose merely of a foreclosure against them of his lien on the lot, not joining Pearce in whom the title then was, and, on November 22, 1899, recovered judgment reciting and establishing the amount due from E. F. Field's estate and ordering the property sold to pay it. No judgment for the debt was sought or rendered against any one. A sale was subsequently made and the property was bought by Cates under this decree. He afterwards conveyed it to W. G. Field by the deed stated in the early part of the opinion, for breach of warranty in which this action was brought.

The adverse title arose in this way. A creditor of Pearce recovered judgment against him, caused the lot to be sold under it, bought it in, and conveyed it to John C. Brown. The latter then sued W. G. Field, Cates' vendee, and recovered the property. From this statement it is plain that an action upon either the note of E. F. Field or the assumption of Pearce would be barred by the four years' statute, and that Brown's defense, based on it, is good, unless Cates' cause of action is upon his judgment against the heirs of E. F. Field.

The decisions of this court have established the proposition that the limitation available to a purchaser of property incumbered by a lien to secure a debt of his vendor, is that which applies in favor of the debtor against the creditor; and that so long as the creditor's cause of action against the debtor upon the debt is not barred, the right to foreclose against the purchaser of the property continues. But when the debt is barred the action to foreclose the lien is also barred. It is also true that a judgment against the debtor or against his estate, for the debt rendered before the bar of limitation is complete, substitutes for the limitation applicable to the original cause of action that which applies to judgments. But we do not think that is true of the decree relied on in this case. No judgment for the debt has ever been rendered against E. F. Field, or against his estate, or even against his heirs; and we need not pause to consider what would be the effect on the principle under

consideration of a judgment charging heirs with a debt of the ancestor on the ground that they had received from him property upon which the debt is chargeable. The decree here in question was purely one of foreclosure against the property, the heirs being made parties only on the assumption that they held title to it. No liability for the debt was charged against them, the whole purpose and effect of the proceeding being to charge it upon the land. No process could issue upon it except to sell the land, and that process could operate only upon a title held by the parties to the action. The judgment itself would sustain no further action to recover any balance remaining due upon it after the sale of the land, because it established no liability on the part of any one for such balance. While the judgment was intended to reach a supposed interest of the heirs in the land, it really had no effect, because the only person in whose hands the land could have been held chargeable was not a party to the suit. After the conveyance to Pearce nothing remained in E. F. Field, or his heirs, to be reached by the judgment. Bradford v. Knowles, 86 Texas, 505. The decree only purports to be one of foreclosure, and as such a decree could only be effective upon the property when pronounced against Pearce, the holder of the legal title and of the right of redemption, it is without any legal effect whatever.

We are not to be understood as intimating that a judgment, such as is sometimes rendered, charging heirs with debts of an ancestor, because of property inherited by them from him, would be equivalent for the purpose of changing the rule of limitation to one against him, or to one against his executor or administrator establishing the debt against his estate, generally. While heirs are sometimes regarded as the legal representatives of the deceased ancestor with respect to property descended to them, this is true only in a restricted sense, and it by no means follows from the principle that judgments rendered against heirs establishing a liability on their part for debts of the ancestor, in respect of particular property, operate to establish such debts generally against the estate. In the present case the heirs could only have been regarded as representatives of the deceased ancestor in case they had been substituted by law for him as holders of the title to the particular property involved in the suit, and would then have been such representatives only with respect to that property; but as no title devolved upon them there was no substitution and they were in no sense legal representatives. The judgment, therefore, had no effect upon the operation of limitation in favor of E. F. Field's estate, and the debt became barred before the filing in this action of Cates' pleading seeking a foreclosure of his lien.

The judgment of the Court of Civil Appeals as between Brown and Cates will be reversed, and that of the district court in favor of Brown, will be affirmed.

*Dismissed in part.*
*Reversed in part.*