A. J. BIRDSONG & SON et al. v. ALLEN.

(Court of Civil Appeals of Texas. Amarillo. March 21, 1914.)

1. APPEAL AND ERROR (§ 712*) — RECORD — MATTERS NOT SHOWN—JURISDICTION.

Where the notation of the pleadings of an action begun in justice court made on the docket in accordance with Rev. St. 1911, art. 2326, did not show whether the amount in controversy would give jurisdiction to the Court of Civil Appeals on an appeal from the county court, the Court of Civil Appeals may, under the article 1593, inquire into the facts to ascertain whether it has jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2951–2954; Dec. Dig. § 712.*]

2. APPEAL AND ERROR (§ 65*)—JURISDICTION —AMOUNT IN CONTROVERSY—CASES ARISING IN JUSTICE COURTS.

In an action begun in justice court, plaintiff sought to recover against one of the defendants on two notes, and against appellants for the conversion of cotton mortgaged to secure payment of the notes. The value of the cotton did not appear from the notation of the pleadings made on the docket of the justice, and neither did the amount due on the notes. Held that, where the agreed statement of facts showed that the value of the cotton was in excess of $100, the Court of Civil Appeals had jurisdiction of an appeal from the judgment of the county court also in favor of plaintiff, even though the amount of the debt was less than $100, and the county court restricted recovery to that amount.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 315–328; Dec. Dig. § 65.*]

Appeal from Jack County Court; J. P. Simpson, Judge.

Action by W. V. Allen against A. J. Birdsong & Son and another, begun in justice court, and appealed by the named defendants to the county court. From an adverse judgment there, they again appeal. On motion to dismiss. Motion denied.

Sporer & McClure, of Jacksboro, for appellants. Fitzgerald & Cox, of Wichita Falls, for appellee.

HUFF, C. J. The appellee moves to dismiss this appeal on the ground that the amount in controversy is less than $100, and that this court is without jurisdiction. The case originated in the justice court, and was appealed to the county court. The notation on the justice docket shows that it was

a suit brought by W. V. Allen, and R. O. Wilson, and A. J. Birdsong & Son. The notation upon the justice docket is as follows: "Upon two notes for $68 each, dated January 1, 1911, due one 11/1/1911, the other, 11/1/1912, int. 10%, and attorney's fees 10%, filed 1st day of November, 1912, against A. J. Birdsong for the value of two bales of cotton." The notes appear to have been executed by R. O. Wilson, payable to W. V. Allen. The appellant, in answer to the motion to dismiss, sent up a duly certified copy of the citation issued out of the justice court in this case, directed to R. O. Wilson and A. J. Birdsong, which states the cause of action or demand to be "for the sum of $167, due upon the two promissory notes of date January 1, 1911. One note due November 1, 1911, the other note due November 1, 1912; both notes being in the sum of $68 each, 10% interest, and 10% attorney's fees, said last note being secured by chattel mortgage on the first two bales of cotton grown by said R. O. Wilson during the year 1912. The defendant A. J. Birdsong is made a party hereto and sued for the value of the said two bales of cotton on which plaintiff has a mortgage; he having converted said cotton to his own use and benefit."

A. J. and J. C. Birdsong, as a partnership, answered this cause by a written plea filed in the justice court, to the effect that they owned the land upon which the cotton was grown, and that they knew nothing of the mortgage set out, and made advancements to Wilson to the sum of $509.29; and further alleged at the time the chattel mortgage was given Wilson did not own the cotton, and no chattel mortgage lien given by Wilson could attach thereto, and that the cotton was Birdsong's, and not Wilson's, etc. Judgment was rendered in the justice court against Wilson on the note secured by the mortgage for $90.35, and against A. J. Birdsong & Son for $90, for converting the cotton. Birdsong & Son appealed to the county court of Jack county. The appellee herein insists that the statement of the county judge in his charge to the jury, in setting out what appellee terms the pleadings or issues, should determine the amount in controversy. The statement therein is substantially that appellee sues appellant for the conversion of two bales of cotton to the amount due upon the $68 note, interest, and attorney's fees. Judgment was rendered in the county court against Birdsong & Son for $91.60, in favor of Allen, from which judgment appeal is taken.

[1, 2] The appellee, for the motion, asserts that the amount in controversy was not the value of the security, but the amount of the debt secured. The amount of the debt secured may be the measure of his damages for conversion and all he is authorized to recover, and perhaps the authorities cited by appellee sustain the proposition (Scaling v. Bank, 39 Tex. Civ. App. 154, 87 S. W. 715; Scott v. Cox, 30 Tex. Civ. App. 190, 70 S. W. 802; Watkins v. Bank, 53 Tex. Civ. App. 437, 115 S. W. 304); and it may be true, as asserted by appellee, that the controversy between Allen and Wilson is distinct from that between Allen and Birdsong, and that we should look to the amount in controversy between appellant and appellee in order to determine our jurisdiction (Brown v. Cates, 99 Tex. 133, 87 S. W. 1149). It does not follow, however, that the amount which Allen was entitled to recover was the amount in controversy. The amount in controversy is to be determined by the claim in the plaintiff's petition or his statement in the justice court. Red Deer Oil Co. v. Huggins, 155 S. W. 949, and authorities cited therein. The pleadings in the justice court are oral; "but a brief statement thereof may be noted on the docket." Article 2326, R. S. 1911. The notation in this case on the docket and in the citation is that Allen sues Birdsong for the value of two bales of cotton. The citation is for the conversion of two bales of cotton. Appellee did not allege the value of the cotton for which he sued. We think we have the right, under the statute, to hear testimony or otherwise determine our jurisdiction aside from the statement of the pleadings. Article 1593, R. S. 1911; Austin v. Bahn, 87 Tex. 582, 29 S. W. 646, 30 S. W. 430. In looking into the record in this case agreed to by both parties, we find that the value of the cotton is admitted to be $132.69, which is an amount sufficient to give this court jurisdiction of the appeal. While appellee, under the law, could not ordinarily recover from appellant more than the amount of his debt against Wilson, secured by the mortgage on the cotton, he nevertheless put in issue his right to recover the value of the cotton, and not the amount of the debt, and made the value of the cotton the amount of the controversy. We do not think, because the county court confined his right to recovery to the amount of his debt, that he should now be heard to say that was the amount in controversy in order to defeat the jurisdiction of the appellate court. Piano Co. v. Clay, 40 Tex. Civ. App. 638, 90 S. W. 683; Drug Co. v. Rochelle, 135 S. W. 258.

We believe, under the statement of the amount sued for as noted upon the docket, and in the citation, that this court has jurisdiction to entertain the appeal; and the motion is therefore overruled.