# JANUARY, 1916

JOHN T. CARTER v. W. T. BROWN.

Application No. 9585.  Decided January 5, 1916.

**1. — Jurisdiction of Supreme Court — Distinct Controversies Combined — Amount in Controversy.**

Where causes of action entirely distinct were connected together in a case in the District Court, rulings on appeal in that branch only which, considered by itself, would be within the jurisdiction of the County Court by reason of the amount involved are not within the revisory jurisdiction of the Supreme Court. Brown v. Cates, 99 Texas, 133, followed.  (Pp. 539, 540.)

**2.—Same—Case Stated.**

Foreclosure of a vendor's lien, refused in the District Court, was decreed on appeal, and the case remanded to try issues between an intermediate vendor and vendee of the land on allegations by the latter of fraud in the sale and of damages in less than $1000. A recovery by such vendee being affirmed on appeal, the vendor sought writ of error. Held that the action there involved, being distinct from the foreclosure proceeding though originally included in it, was within the jurisdiction of the County Court and one in which the Supreme Court was without jurisdiction by writ of error, since that of the appellate court was final.  (Pp. 539, 540.)

Motion to dismiss for want of jurisdiction an application for writ of error to the Court of Civil Appeals for the Second District, in an appeal from Wise County.

*R. E. Carswell,* for motion of defendant in error, Brown, to dismiss.

*McMurray & Gettys,* for Carter, plaintiff in error.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The suit was originally instituted by W. R. Thompson to recover upon a vendor's lien note, and to foreclose the lien upon a lot in the town of Alvord. The defendants were L. G. Keys, the maker of the note, three other parties, who were alleged to have successively purchased the lot and assumed the payment of the note, and T. B. Brite, a purchaser in possession. Brite interpleaded W. T. Brown, the present defendant in error, his vendor, praying for judgment over against him on his warranty of title in the event a foreclosure was decreed. Brown, in turn, interpleaded John T. Carter, the plaintiff in error, charging him with deceit and seeking judgment against him for any amount he might have to pay on account of a foreclosure. Upon a trial Thompson was given a judgment for the amount due upon the note, but was denied a foreclosure of his lien. He appealed. The Court of Civil Appeals reversed the judgment of the trial court wherein a foreclosure of the

lien was denied, rendered judgment in favor of Thompson for its fore-closure, and remanded the case at Brown's instance for trial of the issue between him and Carter.    Thompson v. Keys, 162 S. W., 1196.

Thereupon Brown, by amended pleading, sought a recovery in dam-ages against Carter on account of his alleged fraud for an amount less than $1,000.    He obtained a judgment for $359.56.    It was affirmed by the Court of Civil Appeals; and the review of its judgment is sought by the petition for writ of error filed by Carter, which the defendant in error has filed a motion to dismiss.

Because of the amount involved, Brown's action for damages against Carter was cognizable by the County Court; and in such a case the jur-isdiction of the Court of Civil Appeals is final.    It was a distinct con-troversy from that between Thompson and the other parties to the suit in respect to the foreclosure of the lien upon the lot, and its original inclusion within that suit does not confer jurisdiction in this court over it.    This jurisdiction question was presented and ruled upon in Brown v. Cates, 99 Texas, 133, 87 S. W., 1149, in which it was said:

"Where cases which are entirely distinct are thus connected together, and one, considered by itself, is not within our jurisdiction because the amount in controversy is too small, we have declined to entertain it. Any other rule would put it within the power of parties to bring within the revisory jurisdiction of this court causes in which the law intends the action of the Court of Civil Appeals shall be final, by merely joining them with others on which they are in no way legally dependent."

That decision governs the motion, which is accordingly sustained and the petition for writ of error dismissed.