**DALLAS LUMBER CO. v. GOLDE et ux.**
(No. 1143–5095.)

Commission of Appeals of Texas, Section A.
Jan. 9, 1929.

George T. Burgess, of Dallas, for plaintiff in error.

Holland & Moore, of Dallas, for defendants in error.

NICKELS, J. Golde conveyed to Mason a lot in Dallas, retaining a lien to secure deferred payment of $1,300 purchase money. Upon agreement for subordination made by Golde, Mason and wife executed to Dallas Lumber Company three notes for $250, $500, and $2,500, respectively, secured by liens on the lot and improvements to be placed thereon. Dallas Lumber · Company transferred the three notes and the liens to Texas Insurance Company, and the latter retransferred the $250 note and its lien, with agreement that the lien be subordinate to that held by it. Thereafter Mason and wife conveyed the lot and improvements to Golde, and Golde and wife took possession. .

Texas Insurance Company brought suit on its notes and to foreclose; Dallas Lumber Company, Mason and wife, Golde and wife et al. were made parties defendant.

Dallas Lumber Company answered, and upon proper averments sought judgment against Mason and wife on its note and foreclosure as against all parties save Texas Insurance Company.

Golde and wife, upon allegations of fraud and breach of the subordination contract, sought cancellation of all liens (except that one held by him) and, alternatively, damages in the sum of $800; their prayers included one for general relief. Exceptions were sustained to that part of the pleading wherein cancellation was sought.

Trial resulted in judgment for Texas Insurance Company for all relief prayed by it, for Dallas Lumber Company upon its note (for $250) with foreclosure (subjected to that allowed Texas Insurance Company), and for Golde and wife (against Dallas Lumber Company) for damages in the sum of $500.

Dallas Lumber Company appealed in respect to the judgment in favor of Golde and wife, but the judgment was affirmed. 1 S.W. (2d) 455. Writ of error was allowed upon petition (some of whose assignments are to be discussed), wherein conflict of decisions is not asserted.

■ 1. There is a motion to dismiss for lack of jurisdiction. Reasons assigned are that the cause of action upon which Golde et ux. were allowed recovery is within the jurisdiction of the county court, and hence the judgment of the Court of Civil Appeals is final perforce the terms of article 1821, R. S. 1925, since there is no allegation of conflicting decisions. But the controversy between Dallas Lumber Company, on the one hand, and Golde and wife, on the other, included efforts by the one to establish and foreclose a realty lien and by the others to defeat the lien and its enforcement directly by cancellation and indirectly by recovery of damages in amount greater than the amount of the debt secured by the lien; hence the rights of all parties arose out of or were inseparably connected with the same transactions. The case made by the pleading as well as the case actually tried to the jury therefore was not cognizable by the county court. The fact that equity includes authority to offset, under the general prayer, and thus satisfy and discharge, Dallas Lumber Company's claim against the lot and improvements by damages established for Golde and wife, is sufficient to establish a case within the exclusive jurisdiction of the district court. The claim of Golde and wife lacks that independence of character necessary to bring it within the rulings of Brown v. Cates, 99 Tex. 133, 87 S. W. 1149, Carter v. Brown, 107 Tex. 539, 181 S. W. 685, and other like cases, and the motion ought be overruled.

■ 2. Recovery of damages was allowed upon the theory that Dallas Lumber Company had breached its contract "to advance funds evidenced by said notes aggregating $3,250" (i. e., the three notes executed by Mason and wife and secured by the liens to which that of Golde became subordinate). The "funds" were to be used in making improvements on the lot, and the basis of the claim of Golde et ux. is that the security for their

debt of $1,300 was impaired to the extent of shortage in funds actually advanced and used as compared with what was agreed to be advanced.

In the contract executed by Mason and wife, on the one hand, and Dallas Lumber Company, on the other (providing for the three notes aggregating $3,250, advancements in that sum and for liens to secure payment of the notes), it was "further specially agreed and understood that the entering by" Mason and wife "into possession of said improvements * * * shall be conclusive evidence that all duties and obligations of" Dallas Lumber Company "have been fully and completely performed."

The improvements, with minor exceptions, had been made by the "latter part of August, 1924," and therefor Dallas Lumber Company had advanced, according to its claim, about $3,130. The nature of the improvements was known to Golde at that time, Subsequently, and prior to December 23, 1924, Dallas Lumber Company advanced and had expended on additional improvements, according to its claim, $105. Golde's testimony shows that as early as the "latter part of August, 1924," he was making claim that the improvements had not cost anything like the amount Dallas Lumber Company contends for.

December 23, 1924, Mason and wife executed to Golde, and Golde accepted, deed conveying the property; Golde and wife "moved into the house in January, 1925, and have lived in same continuously since." There is in the deed this recital of consideration: "The sum of Two-Hundred and No/100 ($200.00) Dollars, in cash, the receipt of which is hereby acknowledged, and the cancellation and surrender by the said F. C. Golde" of the "vendor's lien note" for $1,300 mentioned above. That recital is followed by one in these words: "It is expressly understood and agreed, however, that the conveyance herein is made subject to a certain first and superior lien note in the sum of $3,250.00" (with record and other references clearly showing that the notes aggregating $3,250.00 and the lien securing them was intended by the reference to the "$3,250.00" note and its lien).

Truth or good faith of the recitals is not challenged in pleading or proof. Compulsion or fraud inducing acceptance of the deed is not claimed. Nor, it may be added, is there proof tending to show that the premises at time of the conveyance did not have a value equal to the sum of the cash payment and the amounts of the $1,300 note and the three notes aggregating $3,250.

Golde and wife took possession in the right (acquired through the deed) of Mason and wife. They became privies, in our opinion, and thus parties to the stipulation that "entry should be conclusive evidence that all duties and obligations of Dallas Lumber Company have been completely performed." Their title papers evidence agreement that the property acquired was worth $200, plus $1,300, plus $3,250, plus accrued interest.

What the rights of Golde et ux. might have been absent the conveyance of December 24, 1924, and title, etc., asserted thereunder is an immaterial inquiry, for, in our opinion, there is estoppel by contract as well as a species of estoppel in pais. Cf. Hardy v. De Leon, 5 Tex. 211, 244; Kimbro v. Hamilton, 28 Tex. 561, 568; Willis v. Smith, 72 Tex. 565, 573, 10 S. W. 686; Carver v. Jackson, 4 Pet. 1, 7 L. Ed. 761; Crane v. Morris, 6 Pet. 609, 610, 9 L. Ed. 514; Pratt v. Nixon, 91 Ala. 196, 8 So. 753; Johnson v. Thompson, 129 Mass. 398; Freeman v. Auld, 44 N. Y. 50. And see Dembitz on Land Titles, p. 1018; 10 R. C. 682; notes, 5 L. R. A. 278, 8 L. R. A. 316.

Accordingly, we recommend: (a) Reversal of the judgment of the Court of Civil Appeals: (b) reversal of that part of the judgment of the district court wherein recovery was allowed F. C. Golde and wife —— Golde, defendants in error, against Dallas Lumber Company, plaintiff in error, in the sum of $500; and, (c) affirmance of the judgment of the district court in all other respects.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and judgment of the district court reformed, and, as reformed, affirmed, as recommended by the Commission of Appeals.