## JOHN v. BERNHEIM.
### No. 10308.

Court of Civil Appeals of Texas. Galveston.

Feb. 4, 1937.

Rehearing Denied March 4, 1937.

McDonald & Wayman and H. E. Klein-ecke, Jr., all of Galveston, for appellant.

Henry W. Flagg, of Galveston, for appellee.

GRAVES, Justice.

As finally tried out before the court below without a jury, this suit was one by the appellee, doing business as the Southern Electric Company, against the appellant, individually and as the sole surviving partner of George W. Janssen, deceased, in the defunct copartnership of the McLellan Electric Company, for $624.58, alleged to be due the Southern Company by the McLellan Company firm upon a balancing of the accounts between them, under which they had agreed on mutual exchanges of sales inter sese for a number of years of the electrical goods they each carried, at an agreed price from the one to the other of 10 per cent. less than each was then selling such goods to its retail trade for; on the evidence for both sides, after overruling the appellee's general demurrer to the appellant's trial pleadings, the court entered judgment in the former's favor against the latter for $600.88, from which this appeal regularly proceeds.

In this court appellant earnestly and ably presents two contentions the one being stated in this proposition: "Where a plaintiff alleges a cause of action for $624.-58, and then alleged that one of the debtors stated, stipulated and agreed by way of an offer to compromise and adjust said indebtedness that his firm would pay to plaintiff $300.00, that the debtor agreed to pay said sum as a full and complete settlement of the account, and that the other partner thereby became obligated and lawfully bound to pay plaintiff the sum of $300.00 as a full and complete compromise settlement of the account, the plaintiff thereby accepting the promise as a full accord and satisfaction of the original indebtedness, the plaintiff pleaded an absolute bar and release of his first cause of action, even though pled in the alternative and it affirmatively appears from the face of the petition that the only cause of action plaintiff asserted was below the jurisdiction of the district court"; the other being to the effect that the conclusive or great preponderance of the evidence shows that about March 15 of 1933 the appellee either accepted the promise of the subsequently deceased Janssen to pay $300 as a complete compromise settlement of the account sued on, or that he and Janssen together at that time finally stated the accounts between them to amount to an indebtedness of only $300 thereon as being due the appellee, wherefore, in either contingency, the court erred in so rendering judgment against the appellant for more than $300.

Neither of these contentions can be sustained; the first one rests upon a somewhat novel (at least to this court) construction of the rules of pleading, to the effect that R. S. art. 2006—running on its face as it does in favor of a defendant only—does not permit a plaintiff, as this one did in this instance, to first sue in a district court directly for an alleged balance of over $600 due him from the casting up of the accounts between himself and the defendant, and then thereafter in the pleading, in the alternative only, to declare that, if he was mistaken in his first demand, he is at least entitled to $300 upon the same indebtedness which he had agreed with the defendant's deceased

partner before the latter's death to accept as a complete compromise of the claim if then paid at once, but which had never been carried out.

A further deduction the appellant makes is that, although there is no evidence whatever in this record that appellee ever accepted the alleged promise of appellant's deceased partner, Janssen, to pay $300 in a compromise settlement of the debt, in lieu of any liability of the McLellan firm therefor, the appellee's suing herein, despite the fact that it was so in the alternative only, upon such an unexecuted compromise agreement between him and Janssen, amounted in law to proof that appellee had so accepted Janssen's promise alone to pay him such $300, wherefore the appellee had become bound as the surviving member of his partnership with Janssen to accept that sum only in full settlement.

This court cannot accept such interpretation of our statutes and rules upon pleading; especially as applicable here, since this plaintiff's declarations upon the debt he was so given a recovery for were divided into two general parts labeled "Part 'A'" and Part 'B,'" respectively, in the first of which, as recited supra, the sued for balance of the accounts of $624.58 was so regularly declared upon and prayed for, with the usual specification for such further relief, general or special, and whether in law or equity, as plaintiff might be entitled to, while in the second one it is expressly recited, "and now comes plaintiff, as aforesaid and in the alternative pleads as follows," concluding with this: "Wherefore, in the alternative only, after first presenting and urging and insisting upon the petition and prayer set out in 'Part A' of this petition, but should plaintiff not be entitled to the relief and damages in said 'Part A' sought, then, and only then, plaintiff prays that he have judgment against the defendant Richard H. John, Jr., for the sum of Three Hundred ($300.00) Dollars, his costs, interest, and such other and further relief, special and general, as in law and in equity, he may be entitled to."

Under our system of blended law and equity, it is thought this alternative way of pleading, even though by a plaintiff, did not run counter to any rule, statute, or authoritative decision in Texas; while the appellant's contentions are mainly limited to his given interpretations of the pleadings, when the evidence is here looked to, it is found to conclusively, if not undisputedly, show full support for the learned trial court's award of the $600.88 to the appellee —the $300 compromise settlement having been agreed upon for immediate carrying out at that time, which never was at any time done, and there never having been any agreed settlement at $300 as the balance due, except for such unredeemed compromise agreement only; and finally, there having been full proof of the accuracy with which the appellee had arrived at the resulting $600.88 amount as being due him.

Without further discussion, the judgment will be affirmed.

Affirmed.