**CLARY CORPORATION, Appellant,**

v.

**Daniel F. SMITH and Michael A. Smith, Individually, and d/b/a Fairfield Distributors, Appellees.**

No. 2–93–243–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 8, 1994.

Rehearing Overruled Dec. 6, 1994.

---

Sloan B. Blair, Kevin C. Norton, Cantey & Hanger, L.L.P., Fort Worth, for appellant.

John Hill Cayce, Jr., John J. Drake, Shannon, Gracey, Ratliff & Miller, L.L.P., Fort Worth, for appellees.

Before LATTIMORE, DAY and FARRAR, JJ.

OPINION

LATTIMORE, Justice.

This case originated as a suit on an open account. Appellees Daniel Smith and Michael Smith, individually, and d/b/a Fairfield Distributors filed counterclaims seeking damages for deceptive trade practices, negligent misrepresentation, and tortious interference with business relations. Following a jury trial, judgment was rendered on the verdict for appellees in the net amount of $264,-270.61, after allowing for an offset on Clary Corporation's open account claim. The dispositive issue on appeal is whether all or a portion of the respective claims exceeded the Tarrant County Court at Law Number Three's statutorily prescribed jurisdictional amount.

Because the aggregate amount in controversy of appellees' counterclaims exceeded Tarrant County Court at Law Number Three's jurisdictional amount, we sustain Clary Corporation's first point of error, reverse and render, to wit: all cross-actions are dismissed without prejudice and judgment is rendered on the verdict in favor of Clary Corporation.

Wood Pallet Systems, a division of Clary Corporation (Clary), manufactures and repairs wooden pallets.[1] In the mid–1980s, market demands in the storage and warehouse industry dictated that pallet manufacturers modify conventional methods for repairing worn or damaged pallets. In response, Clary developed a pallet plater machine which repaired pallets in conformity with new market specifications. At that time, demand was high for properly repaired pallets, which could be sold for $6.50 compared to $3.00 for pallets repaired "the old way."

Michael and Daniel Smith (the Smiths) have been in the pallet business since they joined Fairfield Pallet Company in 1970, a business founded by their father. In early 1989, after reading about Clary's pallet repair machine in a trade journal, the Smiths approached Clary about the prospects of

---

1. A pallet is a portable platform for handling, storing, or moving materials and packages (as in warehouses, factories, or vehicles). WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 848 (9th ed. 1983).

opening a distributorship to market and sell Clary products. After the parties reached an agreement, the Smiths formed Fairfield Distributors (Fairfield), a New Jersey partnership, as an exclusive Clary distributor. Shortly thereafter, the relationship deteriorated. As a result, Clary stopped selling its products to Fairfield and terminated the business relationship.

Clary subsequently filed suit on an open account against Michael and Daniel Smith, individually, and d/b/a Fairfield Distributors for approximately $19,000.00 in unpaid invoices. The Smiths, both individually and on behalf of Fairfield, jointly counterclaimed for deceptive trade practices as authorized consumers under the provisions of section 17.50 of the Texas Business & Commerce Code, negligent misrepresentation, and tortious interference with business relations.

In their original counterclaim, the Smiths and Fairfield alleged that each suffered damages in an amount in excess of the minimum jurisdiction of the county court at law. Subsequently, appellees filed their first amended original counterclaim quantifying their damages as follows: (1) Daniel F. Smith claimed damages of $197,545.33; (2) Michael A. Smith claimed damages of $194,545.33; and (3) d/b/a Fairfield Distributors claimed damages of $314,390.50. In response, Clary filed a plea to the jurisdiction arguing that the amount in controversy put in issue by each counterclaimant exceeded the jurisdictional amount of the county court. The trial court agreed and by order dated July 8, 1992, dismissed without prejudice all claims on behalf of Fairfield and Michael Smith, individually. The trial court also required Daniel Smith to amend his petition to reflect only his personal damages. Thereafter, Daniel Smith filed his second and third amended original counterclaims alleging that he suffered individual damages in the amount of $100,000.00. In their fourth amended original counterclaim, appellees Michael Smith and Fairfield rejoined the suit and reduced their original damage claims to $65,000.00

and $100,000.00, respectively. By the time of trial, the appellees' live pleadings alleged damages of $100,000.00 each (for an aggregate of $300,000.00). Following a trial on the merits, Clary contends that the *aggregate* amount in controversy of appellees' counterclaims exceeded the jurisdictional amount over which Tarrant County Court at Law Number Three has authority.

As creatures of statute, county courts at law in Tarrant County are governed by a legislative grant of jurisdiction in cases where the amount in controversy exceeds $500.00, but does not exceed $100,000.00, excluding mandatory damages and penalties, attorney's fees, interest, and costs. *See* TEX.GOV'T CODE ANN. § 25.2222(b) (Vernon Supp.1994). This statute also grants county courts at law both limited and concurrent jurisdiction. *See id.* As a general rule, the plaintiff bears the initial burden of pleading sufficient facts to support an amount in controversy that invokes a trial court's jurisdiction. *Richardson v. First Nat'l Life Ins. Co.*, 419 S.W.2d 836, 839 (Tex.1967); *Picon Transp., Inc. v. Pomerantz*, 814 S.W.2d 489, 490 (Tex.App.—Dallas 1991, writ denied). *See also, Fort Worth & Denver Ry. Co. v. Ferguson*, 261 S.W.2d 874, 880 (Tex.Civ. App.—Fort Worth 1953, writ dism'd). Clary, in its original petition, sought recovery on an open account for $19,821.25, plus interest and attorney's fees. Based on the amount in controversy set forth in Clary's pleadings, jurisdiction properly attached to that claim in Tarrant County Court at Law Number Three. Once jurisdiction attaches, no subsequent fact or event may defeat a court's jurisdiction over that particular claim.[2] *Isbell v. Kenyon–Warner Dredging Co.*, 113 Tex. 528, 261 S.W. 762, 763 (1924); *Kitchen Designs, Inc. v. Wood*, 584 S.W.2d 305, 306–07 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.). However, jurisdiction is not a static concept.

For example, counterclaims, whether permissive or compulsory, are judged on their own merits and must independently

---

**2.** For example, once jurisdiction has attached to a claim, it will not be defeated by subsequent amendment seeking additional accrued damages solely resulting from the passage of time while suit was pending. *See Mr. W. Fireworks, Inc. v.* *Mitchell*, 622 S.W.2d 576, 577 (Tex.1981); *Flynt v. Garcia*, 587 S.W.2d 109, 110 (Tex.1979); and *Haginas v. Malbis Memorial Found.*, 163 Tex. 274, 354 S.W.2d 368, 371–72 (1962).

comport with a court's jurisdiction. 2 R. McDonald, *Texas Civil Practice*, § 9.76 (2d ed. 1992); TEX.R.CIV.P. 97.[3] A counterclaim cannot fall within a court's jurisdiction when the amount it puts in controversy exceeds the maximum statutory limit for that court. *See* 2 R. McDonald, *Texas Civil Practice*, § 9.77 (2d ed. 1992); *Gage v. Tom Fairey Co.*, 692 S.W.2d 127, 129 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). Calculating the amount in controversy put at issue by a single counterclaim is fairly straightforward—simply examine the face value of the alleged damages. Such calculations may become more complex, however, when multiple parties and multiple claims are involved.[4] As a result, we are asked to articulate a standard for determining the amount in controversy where multiple defendants properly join their respective counterclaims in a suit against a single plaintiff.

■ Appellant argues that counterclaims, once properly joined, should be aggregated to determine an amount in controversy for jurisdictional purposes. The concept of aggregating claims is authorized by statute, and has historically been used to bootstrap cases over a district court's minimum jurisdictional limit. The current version of the statute permitting aggregation of claims reads as follows:

### § 24.009. Jurisdictional Amount if Parties Properly Join in One Suit

If two or more persons originally and properly join in one suit, the suit for jurisdictional purposes is treated as if one party is suing for the aggregate amount of all their claims added together, excluding interest and costs. This section does not prevent jurisdiction from attaching on any other ground.

TEX.GOV'T CODE ANN. § 24.009 (Vernon 1988) (hereafter referred to as the aggregating statute).[5] Were we to apply this statute to

3. *See also, Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245 (Tex.1988), which states that "[a] counterclaim is compulsory if: (1) *it is within the jurisdiction of the court;* (2) it is not at the time of filing the answer the subject of a pending action; (3) the action is mature and owned by the pleader at the time of filing the answer; (4) it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; (5) it is against an opposing party in the same capacity; and (6) it does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction." *Id.* at 247 (emphasis added).

4. Determining the amount in controversy is highly dependent on the particular circumstances of each case. For example, if one plaintiff asserts multiple claims against only one defendant (as opposed to multiple defendants), the separate claims are added together to determine the amount in controversy. *Texas City Tire Shop, Inc. v. Alexander*, 333 S.W.2d 690, 693 (Tex.Civ. App.—Houston 1960, no writ) (where a plaintiff sues a defendant, he may join as many claims as he has against such defendant and if in the aggregate they are within the court's jurisdiction the court has jurisdiction over each claim joined, provided the plaintiff asserts each claim in the same capacity against the defendant in the same capacity). *See also, Tejas Toyota, Inc. v. Griffin*, 587 S.W.2d 775, 776 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.) (aggregate amount of a party's amended cross-action exceeded jurisdiction of trial court), and *Box v. Assoc. Inv. Co.*, 389 S.W.2d 687, 689 (Tex.Civ.App.—Dallas 1965, no writ) (in an action involving a number of separate monetary claims by one plaintiff, the

amount in controversy is ascertained by aggregating the separate claims asserted). However, one must make a distinction between multiple claims and the assertion of a single claim through alternative theories. In the latter case, jurisdiction is determined by looking to the theory that would yield the largest award. *See Lucey v. Southeast Texas Emergency Physicians Assoc.*, 802 S.W.2d 300, 302 (Tex.App.—El Paso 1990, writ denied) (citing 1 R. McDonald, *Texas Civil Practice*, § 2.17–D (1981)); *John v. Bernheim*, 102 S.W.2d 301, 301–02 (Tex.Civ.App.—Galveston 1937, no writ). On the other hand, if one plaintiff asserts separate, independent and distinct, though joinable, claims against multiple defendants, each claim is judged on its own and must independently measure up to the jurisdictional limit of the court. *Borrego v. del Palacio*, 445 S.W.2d 620, 622 (Tex.Civ.App.—El Paso 1969, no writ).

5. The original version of the aggregating statute was enacted in response to *Long v. City of Wichita Falls*, 142 Tex. 202, 176 S.W.2d 936 (1944), in which the Texas Supreme Court showed its displeasure for aggregating claims. The Court unequivocally stated that "even though separate and distinct claims owned by different parties are such as may be joined in the same suit under Rule 40 [of civil procedure], if one of them is below the jurisdiction of a court it cannot be brought within the jurisdiction of such court by joining it with one that has the required jurisdictional amount." *Id.* 176 S.W.2d at 940. The Court justified its holding based on *Brown v. Cates*, 99 Tex. 133, 87 S.W. 1149 (1905), which

the present facts, the aggregate amount in controversy arising out of appellees' counterclaims would be $300,000.00. In that event, the Tarrant County Court at Law Number Three would clearly lack jurisdiction over the appellees' counterclaims. The statute, however, does not define the scope of its application. Therefore, we must determine whether the statute is applicable to cases filed in county courts at law.

As stated earlier, the aggregating statute has been exclusively applied in district court. *See, e.g., Texas Employment Comm'n v. Int'l Union of Elec., Radio & Mach. Workers, Local Union No. 782,* 163 Tex. 135, 352 S.W.2d 252 (1961) (when parties are originally and properly joined, the aggregate amount of their claims is controlling for jurisdictional purposes); *Box v. Associates Inv. Co.,* 389 S.W.2d 687 (Tex.Civ.App.—Dallas 1965, no writ) (it is well established that in an action involving a number of separate monetary claims the amount in controversy is ascertained by aggregating the separate claims asserted). As a result, we can find no cases that address the aggregation of claims in county courts at law. We believe this true for several reasons. First, the legislature has historically restricted the jurisdiction of county courts at law. As recently as 1989, the jurisdictional amount over which a Tarrant County court at law had authority could not exceed $20,000.00.[6] In fact, not until 1991 did the legislature provide Tarrant County courts at law with their current grant of jurisdiction over amounts in controversy up to $100,000.00. *See* Tex.Gov't Code Ann. § 25.2222(b) (Vernon Supp.1994). Accordingly, cases over which county courts now have concurrent jurisdiction were filed in district court, a forum restricted primarily by a minimum jurisdictional amount. Second, the aggregating statute is only found in the

Texas Government Code under the General Provisions pertaining to district courts. *See* Tex.Gov't Code Ann. §§ 24.001–021 (Vernon 1988 & Supp.1994). Consistent with the appellees' argument, this seemingly implies that the legislature intended only to authorize aggregation of claims filed in district court. We disagree, however, and hold that the aggregating statute is equally applicable to cases filed in county courts at law.

Our holding is supported by the language of the statute that confers jurisdiction on Tarrant County Court at Law Number Three. Section 25.2222(m) of the Texas Government Code reads as follows:

> (m) Practice and procedure, appeals, and writs of error in a county court at law are as prescribed by law for county courts, except that:
>
> . . . .
>
> (2) practice and procedure, rules of evidence, and all other matters pertaining to the conduct of trials and hearings in the County Court at Law No. 3 of Tarrant County involving ... cases enumerated in Section 25.2222(b) are *governed by the laws and rules pertaining to district courts.*[7]

Tex.Gov't Code Ann. § 25.2222(m)(2) (Vernon Supp.1994) (emphasis added). Despite the statute's breadth, it seems quite apparent that the legislature intended to apply general provisions, like the aggregating statute, to county courts at law.

In opposition to our holding that the aggregating statute applies to county courts at law generally, the appellees argue that the statute is inapplicable in the instant case. Appellees rely on *Byke v. City of Corpus Christi,* 569 S.W.2d 927 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.), in which

---

concluded that any other rule would put it within the power of the parties to manipulate a court's jurisdiction by merely joining claims that are otherwise in no way legally dependent. *Id. See also, Southwestern Drug Corp. v. Webster,* 246 S.W.2d 241 (Tex.Civ.App.—Amarillo 1951, no writ) and *Kasishke v. Ekern,* 278 S.W.2d 274 (Tex.Civ.App.—Amarillo 1954, no writ). Although the original statute has since been amended, the portion relevant to our discussion remained unchanged.

6. Act of April 30, 1987, 70th Leg., R.S., ch. 148, § 4.01, 1987 Tex.Gen.Laws 611, 688 (amended 1989) (current version at Tex.Gov't Code Ann. § 25.2222 (Vernon 1988 & Supp.1994)).

7. Section 25.2222(b) provides that a county court at law has concurrent jurisdiction with the district court in civil cases in which the matter in controversy exceeds $500.00 and does not exceed $100,000.00. *See* Tex.Gov't Code Ann. § 25.2222(b)(1) (Vernon Supp.1994).

the Corpus Christi Court of Appeals took a restrictive view of the aggregating statute. Faced with circumstances strikingly similar to the instant case, the court interpreted the aggregating statute as intending to permit aggregation of claims to achieve a jurisdictional amount *only* where parties join in the filing of an *original* petition. *Id.* at 933.

The plaintiffs in *Byke* filed their original petition in district court, but did not allege a jurisdictional amount. The petition was challenged in a plea to the jurisdiction. However, the trial court did not rule on this motion prior to rendering a take-nothing judgment. The court of appeals reversed the judgment and remanded the case after finding that the plaintiffs, by failing to plead a jurisdictional amount in their original petition, did not invoke the jurisdiction of the district court. Therefore, the trial court committed reversible error by rendering judgment. *See Byke v. City of Corpus Christi*, 541 S.W.2d 661 (Tex.Civ.App.—Corpus Christi 1976, no writ).

On remand, the plaintiffs in *Byke* amended their petition, added new parties, and alleged an aggregated jurisdictional amount. This amended petition was also challenged by a plea to the jurisdiction, and the cause was eventually dismissed without prejudice. In affirming the trial court, the Corpus Christi Court of Appeals recognized that a court's jurisdiction attaches upon the filing of the original petition. Thereafter, amended petitions may be filed (adding new parties or claims) which would supersede the original petition and relate back to the date on which the suit was originally filed for jurisdictional determinations. The court held, however, that these general principles were inapplicable where the original petition failed to invoke the court's jurisdiction when the suit was originally filed. In other words, because the plaintiffs in *Byke* failed to plead jurisdictional facts in their original petition, the Corpus Christi Court of Appeals declined to allow them to subsequently amend their pleadings to cure the jurisdictional defect. The trial court's only option, therefore, was dismissal of the plaintiffs' case.

■ If we are to follow *Byke* as appellees contend, we must first determine whether appellees alleged sufficient facts in their original pleadings to cause jurisdiction to attach to those claims. In their original pleading, appellees alleged that their unliquidated damages were "in excess of the minimum jurisdiction" of the county court. The inadequacy of these allegations becomes immediately apparent since county courts at law are also limited by a maximum jurisdictional amount. However, in *Sears, Roebuck & Co. v. Big Bend Motor Inn., Inc.*, 818 S.W.2d 542 (Tex.App.—Fort Worth 1991, writ denied), we held that a statement in a petition that damages sought were in excess of the minimum jurisdictional limit of the trial court was adequate for jurisdictional purposes, even though the pleading did not allege that damages were within the maximum jurisdictional limit. *Id.* at 546. Therefore, jurisdiction did attach based on appellees' original pleading. In addition, all subsequent amendments thereto superseded the original pleading and related back to the original filing date. *See* TEX.R.CIV.P. 65; *Randle v. NCNB Texas Nat'l Bank*, 812 S.W.2d 381 (Tex.App.—Dallas 1991, no writ). Unfortunately for the appellees, their amended pleadings effectively divested the county court of jurisdiction.

■ Appellees argue, however, that *Byke* stands for the proposition that the aggregating statute was enacted for the *exclusive* purpose of allowing multiple plaintiffs to aggregate their claims in order to reach above the *minimum* jurisdictional limits of a court. Appellees further contend that the aggregating statute has no application to counterclaims, and was never intended to prevent a party from bringing a claim in a court of limited jurisdiction by adding to it the amount of another party's claim. We disagree with both contentions.

In *Montgomery Elevator Co. v. Tarrant County*, 604 S.W.2d 363 (Tex.Civ.App.—Fort Worth 1980, no writ), we held that a single counterclaim that exceeds the jurisdictional amount of a county court divests that court of jurisdiction. *Id.* at 365. In that instance, the court lacks power to adjudicate the claim, and must dismiss the action. *See id.* The aggregating statute treats multiple parties who join in one suit as if one party is suing for the aggregate of all claims added together. In other words, for jurisdictional pur-

poses, multiple counterclaims are artificially viewed as if they were a single claim. From our reading of the statute, aggregation is required without exception. The mere fact that the aggregation has uniformly been used as a tool to surmount a court's minimum jurisdictional limit should not preclude the converse. Therefore, we hold that the appellees' aggregated counterclaims did exceed the jurisdictional amount of the Tarrant County Court at Law Number Three, thereby divesting that court of authority to adjudicate those claims. The county court being without jurisdiction should have dismissed all of the counterclaims without prejudice. Because Tarrant County Court at Law Number Three did not have jurisdiction over the amount of appellees' counterclaims, the judgment entered as to those claims is void. *Kirk v. Head*, 137 Tex. 44, 152 S.W.2d 726, 728 (1941); *Bayoud v. North Cent. Inv. Corp.*, 751 S.W.2d 525, 528 (Tex.App.—Dallas 1988, writ denied); *Tejas Toyota, Inc.*, 587 S.W.2d at 776.

Therefore, we reverse the trial court's judgment, dismiss appellees' counterclaims without prejudice, and render judgment for Clary Corporation against Daniel F. Smith, Michael A. Smith, and Fairfield Distributors, a partnership, jointly and severally, in the amount of $14,155.57. Clary is also entitled to receive pre-judgment interest, attorney's fees, and post-judgment interest. We therefore remand this cause to the trial court for calculation of pre-judgment interest and entry of judgment in accordance with this opinion.