# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50215
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 16, 2017

Lyle W. Cayce
Clerk

JOHN PORTERFIELD; ANITA PORTERFIELD,

      Plaintiffs–Appellants,

v.

JP MORGAN CHASE, N.A.; DEUTSCHE BANK NATIONAL TRUST COMPANY,

      Defendants–Appellees.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CV-815

---

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

    John and Anita Porterfield ("the Porterfields") appeal the district court's grant of summary judgment in favor of JP Morgan Chase, N.A. and Deutsche Bank National Trust Company (collectively, "the Defendants"), and allege nonjudicial foreclosure on their property was time-barred by the applicable Texas statute of limitations. We AFFIRM.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50215

## I. FACTUAL BACKGROUND

The underlying controversy in this case arises from a nonjudicial foreclosure on a piece of property located at 2 Walnut Grove Road in Boerne, Texas ("the Property"). On November 30, 2005, Jon Galland purchased the Property using a loan from Long Beach Mortgage Company. Galland executed a promissory note with a principal balance of $240,000 secured by a lien on the Property. Thereafter, the loan was assigned to Deutsche Bank National Trust Company ("DBNTC"), and Washington Mutual Bank ("WaMu") served as the mortgage servicer. Sometime later, JP Morgan Chase purchased WaMu's assets.

On March 9, 2006, the Porterfields executed a contract for deed purporting to purchase the Property from Galland. The loan was not paid off as part of the sale, and WaMu stopped receiving payments sometime in 2006. The Porterfields then sued Galland over the contract for deed, and on April 19, 2007, an agreed judgment was signed transferring ownership of the Property to the Porterfields. On August 14, 2007, a notice of acceleration and foreclosure was sent to Galland.

To prevent foreclosure, the Porterfields applied for a temporary restraining order ("TRO"), which was granted sometime in September 2007 ("the First Lawsuit"). The TRO enjoined foreclosure on the deed of trust from September 28, 2007, to October 25, 2007. John Galland then died on or about June 3, 2008.

In September 2011, the Porterfields and DBNTC entered mediation regarding the First Lawsuit and executed a Mediated Settlement Agreement ("MSA"). Pursuant to the MSA, the Porterfields agreed to pay DBNTC $120,000 "in full satisfaction and release of the lien held by" DBNTC. If the Porterfields paid this amount by December 31, 2011, DBNTC agreed to release the lien. But if the Porterfields failed to pay by the agreed-upon date, DBNTC

2

## No. 16-50215

would be permitted to pursue foreclosure, and the Porterfields agreed to "not oppose, contest or in any way delay or thwart the foreclosure." The Porterfields apparently did not meet the deadline set in the MSA, and on July 16, 2012, a second notice of acceleration and foreclosure was sent to Galland at the Property. The Property was ultimately sold to DBNTC at a foreclosure sale held on August 7, 2012, for $204,879.40.

The Porterfields filed suit challenging the foreclosure sale ("the Second Lawsuit") against the Defendants on August 20, 2012.[1] Among other things, the Porterfields argued that the foreclosure sale was barred because the statute of limitations had passed. DBNTC filed counterclaims against the Porterfields, and the parties filed competing motions for summary judgment. The district court denied the Porterfields' partial motion for summary judgment and granted summary judgment in favor of the Defendants.

As relevant to this appeal, the district court denied the Porterfields' motion for summary judgment on their wrongful foreclosure claim based on their argument that the statute of limitations for nonjudicial foreclosure had passed before the Defendants foreclosed on the Property. The Porterfields argued that more than four years had elapsed between the first notice of acceleration and the foreclosure sale. The Defendants argued, and the district court agreed, however, that the statute of limitations had been tolled for one year following Galland's death pursuant to Texas Civil Practice and Remedies Code § 16.062. Accordingly, foreclosure was not time-barred when the Property was sold.

On appeal, the Porterfields only contest the district court's application of the § 16.062 one-year tolling provision.

---

[1] The Porterfields initially filed suit in state court in Kendall County, Texas, but the Defendants properly removed the suit to federal court on the basis of diversity jurisdiction.

No. 16-50215

## II. DISCUSSION

The district court had jurisdiction in this case pursuant to 28 U.S.C. § 1332, and this Court has appellate jurisdiction under 28 U.S.C. § 1291.

"This court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court." *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195 (5th Cir. 2016). On appeal, this Court can affirm the district court's grant of summary judgment "on any legally sufficient ground, even one not relied upon by the district court." *BMG Music v. Martinez*, 74 F.3d 87, 89 (5th Cir. 1996). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Johnson*, 830 F.3d at 195 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Texas Civil Practice and Remedies Code § 16.035 sets out the statute of limitations for a cause of action arising out of a lien on real property. The portions of the statute relevant to this case provide the following:

> (a) A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues.

> (b) A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues.

Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a)–(b).[2] Section 16.035(b) controls here because the Defendants pursued nonjudicial foreclosure pursuant to a

---

[2] The parties dispute what, if any, impact § 16.035(c) has in this case. Given the plain meaning of this provision, it has no bearing on the outcome here. The statute provides that "[t]he running of the statute of limitations is not suspended against a bona fide purchaser for value . . . who has no notice or knowledge of the suspension of the limitations period and who *acquires an interest in the property when a cause of action* on an outstanding real property lien *has accrued for more than four years*, except as provided by . . . Section 16.062." Tex.

4

deed of trust creating the lien. Accordingly, absent any reason to toll the limitations period, the Defendants had four years from the time the maturity of the loan was accelerated to complete nonjudicial foreclosure of the Property. *See Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015); *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). The limitations period begins to run when the holder of a note or deed of trust sends "both a notice of intent to accelerate and a notice of acceleration"—here, on August 14, 2007. *Boren*, 807 F.3d at 104 (quoting *EMC Mortg. Corp. v. Window Box Ass'n, Inc.*, 264 S.W.3d 331, 335–36 (Tex. App.—Waco 2008, no pet.)).

Under § 16.062, "[t]he death of a person against whom or in whose favor there may be a cause of action suspends the running of an applicable statute of limitations for 12 months after the death." Tex. Civil Prac. & Rem. Code Ann. § 16.062(a). Moreover, "[i]t is a general and long-established principle in Texas that a mortgage is a mere incident of the debt." *Davidson*, 44 F.3d at 253. "Consistent with this principle, Texas law matches the limitations period of the mortgage to that of the note." *Id.* at 254. Thus, "the limitation available to a purchaser of property incumbered [sic] by a lien to secure a debt of his vendor is that which applies in favor of the debtor against the creditor." *Brown v. Cates*, 87 S.W. 1149, 1151 (Tex. 1905). "[S]o long as the creditor's cause of action against the debtor upon the debt is not barred, the right to foreclose against the purchaser of the property continues." *Id.*

---

Civil Prac. & Rem. Code Ann. § 16.035(c) (emphasis added). As we have long recognized, this provision functions to "protect from secret tollings or extensions the unknowing bona fide purchaser who acquires the land when the limitations period on the debt has facially expired." *Davidson v. FDIC*, 44 F.3d 246, 254 (5th Cir. 1995). Because the Porterfields acquired the property, at the latest, on April 19, 2007, before either notice of acceleration was sent, the limitations period had not facially expired. Thus, § 16.035(c) would not have prevented suspension of the limitations period if such a suspension were applicable.

No. 16-50215

The Porterfields admit that the Defendants could have sued Galland's estate on the promissory note at the time nonjudicial foreclosure was initiated on the Property. Because the Defendants could have brought suit at the time of Galland's death, the statute of limitations on the note would have been tolled for one year following his death under § 16.062. And given that Texas courts seek to "harmonize" the limitations periods for foreclosure actions and suits on the underlying debt, the one-year tolling of the limitations period for the note likewise served to toll the limitations period for the nonjudicial foreclosure. *See Davidson*, 44 F.3d at 254.

The limitations period here ran four years from August 14, 2007, but was tolled for at least one year because of Galland's death. Thus, the limitations period for nonjudicial foreclosure, at the earliest, would not have expired until August 14, 2012.[3] Because the Defendants foreclosed on the Property before that date, foreclosure was proper and the district court correctly granted summary judgment in favor of the defendants on this issue.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM.

---

[3] The Defendants also argue that the statute of limitations would have been suspended from September 28, 2007, to October 25, 2007, during the pendency of the TRO in the First Lawsuit. *See Landers v. Nationstar Mortg., LLC*, 461 S.W.3d 923, 926–27 (Tex. App.—Tyler 2015, pet. denied). Because the foreclosure sale was completed within the limitations period regardless of this potential 27-day suspension, we do not determine whether limitations would have been tolled during the TRO.

6