G. W. Rust v. Texas & Pacific Railway Company.

No. 2422. Decided November 17, 1915.

**Jurisdiction on Appeal—Consolidated Cases—Amount in Controversy.**

The Court of Civil Appeals had jurisdiction of an appeal from the judgment of the County Court in a case involving an amount exceeding $200, though this amount was reached by consolidation of three separate suits, each originally brought in Justice Court and for the sum of $99.95 each. Being properly consolidated they thenceforth constituted one action and that for the total amount Castro v. Whitlock, 15 Texas, 437; and Security Co. v. Panhandle National Bank, 93 Texas, 575, followed. Brown v. Cates, 99 Texas, 133, distinguished. (Pp. 386, 387.)

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Eastland County.

*Earl Conner,* for motion to affirm.

*R. L. Rust* and *J. R. Stubblefield,* contra.

Mr. Chief Justice PHILLIPS delivered the opinion of the court.

The statement of the case made by the Honorable Court of Civil Appeals is as follows:

"On April 26, 1911, G. W. Rust filed with the Justice of the Peace of Precinct No. 1, Eastland County, his claim for damages in the sum of ninety-nine dollars and ninety-five cents against the Texas & Pacific

Railway Company on which date citation was issued to the defendant company. Said suit was numbered 1929. On May 26, 1911, the same plaintiff filed two suits against the same defendant in the same Justice's Court being No. 1937 and 1939, respectively, each seeking to recover the sum of ninety-nine dollars and ninety-five cents, and on the last named day citations were duly issued to the defendant. Thereafter, the Justice of the Peace made an order upon the motion of the defendant to consolidate the last two causes. On June 3, 1911, cause No. 1929 was finally tried and on June 28th the consolidated cause was also tried resulting in a judgment in each case against the plaintiff. The cases were then appealed to the County Court of Eastland County, where on September 19,.1911, on motion of the defendant railway company the two causes thus appealed were by order of the County Court consolidated and on the following day a final trial was had resulting, as in the Justice's Court, in a judgment for the defendant. The plaintiff, G. W. Rust, duly perfecting his appeal to this court by filing his appeal bond on November 10, 1911, his motion for a new trial having been overruled October 26, 1911.' No transcript was filed within the time allowed by law and the appellee, The Texas & Pacific Railway Company, has filed its motion asking an affirmance of the judgment on certificate."

The question certified is, whether the Court of Civil Appeals had jurisdiction of the amount involved by reason of the consolidation in the Justice Court, or later in the County Court.

There can be no doubt that the consolidation of the two causes in the Justice Court was proper, as was that in the County Court of the cause thus made with the other causes there pending. Article 2182, Revised Statutes. This constituted the consolidated causes one suit, to be prosecuted as such (Castro v. Whitlock, 15 Texas, 437), with the aggregate of the amounts involved within the jurisdiction of the County Court. The jurisdiction of the Court of Civil Appeals was, therefore, determinable according to the sum of the amounts involved in the three suits as originally brought. This is clearly the effect of the holding in Security Co. v. Panhandle National Bank, 93 Texas, 575, 57 S. W., 22. There, two suits had been brought in the District Court,· each seeking the recovery of $1,000, exclusive of interest, and each, therefore, cognizable by the County Court, but of which the Supreme Court, for that reason, was without jurisdiction. They were consolidated in the trial court. The case reaching the Supreme Court, its jurisdiction was challenged on the ground that each of the suits could have been brought in the County Court. It was held, however, that as the sum of two amounts originally sued for exceeded $1,000, exclusive of interest, a suit for which could not have been brought in the County Court, the Supreme Court had jurisdiction of the case. It was decided, in other words, that its jurisdiction was to be determined by the total of the amounts involved after the consolidation of the suits in the trial court.

There could be no sound reason for so determining the jurisdiction of

the Supreme Court in such a case, and not applying the same rule in the decision of the present question.

The holding in Brown v. Cates, 99 Texas, 133, 87 S. W., 1149, is, we think, without application to a case like the present one. The original suit, there, was Field's suit against Cates, to recover, for breach of a warranty of title to a lot, a sum less than $1,000. Brown was in some way made a party to the suit, presumably on a plea over by Cates, who set up a separate debt due him, not by Brown, but by the estate of E. F. Field, deceased, and sought a foreclosure of a lien upon the lot given to secure the debt subject to which Brown was alleged to hold the property. This introduced into the suit a distinct cause of action, between other than the original parties, in no way dependent upon the original suit. And for that reason it was held that as the Supreme Court had no jurisdiction as to the suit between Field and Cates, the joinder of the controversy between Cates and Brown, as to which it did have jurisdiction, would not confer jurisdiction over it. The basis of the holding, it is to be gained from the opinion, was that the controversies were distinctly separable. In the present case, the order of consolidation having been properly made, there remained no separable cause of action. It became but one suit; and we can conceive no reasonable objection to determining the jurisdiction of the appellate court according to the amount involved, considering it as such.

We accordingly answer, that the Court of Civil Appeals had jurisdiction of the amount involved in the suit as constituted by the consolidation in the County Court.