## MERCER v. GRAY.

### No. 13613.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 29, 1937.

H. M. Wade, of Rockwall, for appellant.

Carl Miller, of Royse City, for appellee.

BROWN, Justice.

This is a suit brought by appellee against appellant in the justice of the peace court for precinct No. 1 in Rockwall county, Tex., on an action for debt arising out of the pasturing of certain livestock by appellee for appellant, and the amount sued for is about $25.

Appellant filed a plea of privilege in statutory form alleging his residence as being in justice's precinct No. 1, Dallas county, Tex.

Appellee filed a controverting affidavit alleging that appellant maintains a residence in Rockwall county, as well as one in Dallas county, and that appellant is a single man.

On a hearing the plea of privilege was overruled and exception duly taken and the cause was set down on its merits and being tried judgment was rendered for appellee against appellant as prayed for.

Appellant appealed from such judgment to the county court of Rockwall county, where his plea of privilege was again urged, and where, for the first time, appellant filed a cross action against appellee in the sum of $125, for damages done to one of his mules while same was in appellee's pasture.

Due exception was made to the consideration of such cross action by appellee.

On a hearing before the county court, no jury being requested, appellant's plea of privilege was again overruled, and the cause being set for a hearing on the merits, the trial court again found for appellee on the issue of the amount due for pasturage, and specifically found against appellant on his cross action for damages.

The appeal is from such judgment. The cause has been by the Supreme Court transferred from the Dallas district to this Court of Civil Appeals.

The case having originated in a justice of the peace court, on an appeal to the county court, appellant was prohibited by the express provisions of article 958, Rev.Civ.Statutes, from filing in the county court a set-off, or counterclaim, which was not pleaded by him in the court below.

The county court erroneously took cognizance of such counterclaim and erroneously rendered judgment that appellant take nothing against appellee on such counterclaim. His judgment should have been that of dismissing as to the counterclaim, without prejudice.

■ The county court ruled properly on appellant's plea of privilege.

Appellant admits that he sleeps five nights in each week in a house he owns in Rockwall county, looking after his properties there, and that he sleeps the other nights in Dallas county, where he has paid his poll tax, and where he also owns a house. That one may have two residences for venue purposes is well settled. Funk et al. v. Walker et al. (Tex.Civ.App.) 241 S.W. 720; Pearson v. West, 97 Tex. 238, 239, 77 S.W. 944.

■ Being of the opinion that the county court should have sustained appellee's exception to a consideration of appellant's counterclaim filed first in the county court, the amount in controversy is found to be about $25, and we are without jurisdiction to entertain an appeal where such amount only is involved.

Accordingly, the appeal is dismissed, without prejudice to appellant's right to file his counterclaim against appellee in the court having jurisdiction thereof.