NEAL et al. v. BECK FUNERAL HOME.

No. 13938.

Court of Civil Appeals of Texas.
Fort Worth.
July 7, 1939.

Rehearing Denied Oct. 6, 1939.

W. C. Boyd, of Denton, for appellant.

A. Q. Mustain, of Aubrey, for appellee.

SPEER, Justice.

This suit originated in the Justice of the Peace Court, Precinct No. 7, of Denton County, was appealed to the County Court, and from judgment entered in that court this appeal was perfected.

R. J. Beck, doing business as Beck Funeral Home, to whom we shall refer as plaintiff, sued Robert Neal, Mrs. Robert Neal, as individuals, and Mrs. Robert Neal as Independent Executrix of the estate of Mrs. Ella Drake Whitten, deceased, for $195, as a balance due for funeral expenses incurred at the time of the death of Mrs. Whitten. Mr. and Mrs. Neal, as individuals, are not involved in this appeal, since no judgment was rendered against them and no complaint is made of that action of the court. Judgment in both the Justice's and County courts was rendered against the executrix, and she alone has appealed, and we shall refer to her as defendant.

Plaintiff buried the remains of Mrs. Whitten and incurred an expense of $445 for casket, other equipment and services rendered. Mrs. Hoy, who was the guardian of the deceased for many years before her death, paid plaintiff $250 to be applied on his debt.

After defendant was duly appointed and qualified as independent executrix of the estate of deceased, plaintiff presented to her his account for the remaining $195, accompanied by the necessary affidavit, procured her approval and allowance thereof and had same placed on the claim docket of the Probate Court of Denton County, and at the end of the time prescribed by law, the County Judge approved and allowed the account against the estate and classified same for payment.

Suit was instituted by plaintiff on the account as approved, allowed and classified, as shown by the transcript from the Justice's to the County Court. The transcript shows issuance and service of citation in the time and manner provided by law. The judgment rendered in the Justice's Court shows that all parties appeared at the hearing and the court rendered judgment for plaintiff for the amount claimed. It does not appear that defendant made any special defense to plaintiff's cause of action. She excepted to the judgment and gave notice of appeal.

Upon trial in the County Court, defendant filed a written pleading, consisting of a general denial and a plea of set-off and counterclaim of $150, alleged to have been for a defective condition of the casket furnished by plaintiff.

The plaintiff excepted to that part of the answer in which the set-off was claimed, because (a) the set-off and counterclaim plead by defendant was barred by the statutes of limitation; (b) the set-off and counterclaim is an unliquidated one against the liquidated claim of plaintiff; and (c) the set-off and counterclaim did not contain an itemized statement of the purported damages claimed. The court sustained all of plaintiff's exceptions, and the case went to trial on plaintiff's pleadings and defendant's general denial.

There being no jury demanded, the court heard the evidence and entered judgment for plaintiff for the amount of his debt and interest. Defendant appeals upon the sole point or proposition that since defendant's set-off and counterclaim grew out of the same transaction as that sued upon by plaintiff, the statute of limitation does not apply.

We do not consider that the point raised by defendant is the vital one in this case, but in passing we feel it our duty to say that since the set-off claim for damages is in the nature of a failure of consideration of plaintiff's cause of action and is strictly defensive as against plaintiff's right of recovery, the limitations statute would not be applicable if the set-off had been seasonably presented. Smith v. Fairbanks, Morse & Co., 101 Tex. 24, 102 S.W. 908; Rutherford v. Carr, 99 Tex. 101, 87 S.W. 815; see also other cases cited by 28 Tex. Jur., p. 134, sect. 53.

The trial court's action in sustaining the particular special exception to defendant's counterclaim was in one sense improper, yet it was not detrimental to defendant's legal rights. The court should have stricken defendant's cross action, on its own motion, in protection of its jurisdiction.

The jurisdiction of the County Court is of a dual nature; one original and the other appellate from the Justice Court. In this case the County Court acquired only an appellate jurisdiction, and in such circumstances it could not hear and determine any matter acquired by virtue of an original jurisdiction. It is true the jurisdiction of the County Court was not

challenged by the plaintiff in the special exceptions urged, but it is a well settled rule of law in this State that parties cannot by agreement confer jurisdiction on a court not otherwise acquired by law. Nor can they accomplish this end by failing to object to a court's jurisdiction. 11 Tex. Jur., p. 715, sect. 12, and cases there cited.

■ Article 958, R.C.S., provides: "Either party may plead any new matter in the county or district court which was not presented in the court below; but no new cause of action shall be set up by the plaintiff, nor shall any set-off or counter claim be set up by the defendant which was not pleaded in the court below."

It is not contended by defendant that she plead the set-off and counterclaim in the Justice's Court, and under the provisions of the statute quoted she could not do so for the first time on appeal. The trial court refused to permit her to present this alleged counterclaim but the court's action was based upon the exceptions urged, instead of upon the plain provisions of the inhibition of such a defense contained in the statute. It was an erroneous means 'to a proper end. If the defendant had a valid claim against plaintiff for his' wrongful acts in furnishing a defective casket,,, she could have, if seasonably done, elected to set that claim off against plaintiff's alleged debt since it grew out of the same transaction. Article 2017, R.C.S. The amount of defendant's counterclaim was within the original jurisdiction of the Justice's Court and she could have maintained an action therefor in that court, independent of plaintiff's case, if not barred by limitation; but she elected to plead it in defense and set-off against plaintiff's claim and to do this she must necessarily have plead it in the Justice's Court.

On this point we said, in Mercer v. Gray, Tex.Civ.App., 109 S.W.2d 1107: "The case having originated in the justice of the peace court, on an appeal to the county court, appellant was prohibited by the express provisions of article 958, Rev.Civ. Statutes, from filing in the county court a set-off, or counterclaim, which was not pleaded by him in the court below."

A similar question to the one now before us was presented in the case of Racugno v. Hanovia Chemical Co., Tex.Civ.App., 110 S.W.2d 249, and this court, speaking through Mr. Justice Brown, held that the County Court, in cases appealed from the Justice's court, acquires jurisdiction only

of what was involved in the lower court, citing Article 1949, R.C.S. In the case at bar, the defendant sought to have the County Court on appeal give her relief on her claim of $150 damages when the Justice's Court had had no opportunity to determine that item. This phase of the case illustrates the wisdom of the provisions of Article 958 above quoted.

■ There is yet another matter involved in this case, which is apparent from the record, that we think would preclude defendant from having the item of her set-off and counterclaim re-litigated in this case. It appears that plaintiff had prepared and presented his claim against the estate, accompanied by the affidavit required by Article 3514, R.C.S., which provides that it must state that the claim is just and that all legal offsets, payments and credits known to affiant have been allowed. Under these conditions the administratrix approved and allowed the claim and it was filed and listed on the claim docket. At the expiration of ten days, as provided in Article 3519, R. C.S., the County Judge allowed, approved and classified the claim, upon the ground that no objection thereto had been previously filed. The Judge's order of approval and classification is shown in the record.

Article 3521, R.C.S., provides: "Any person interested in an estate may at any time before the court has acted upon a claim, appear and object to the approval of the same, or any part thereof, in writing, and in such case the court shall hear proof and render judgment thereon."

Article 3525, R.C.S., reads: "The action of the court in approving or disapproving a claim shall have the force and effect of a final judgment, and when the claimant, or any person interested in the estate, shall be dissatisfied with such action, he may appeal therefrom to the district court, as from other judgments of the county court rendered in probate matters."

We think it unnecessary for a determination of this appeal to say that defendant's right of recovery on her set-off and counterclaim was precluded in virtue of the provisions of the statute quoted, but we refer to it simply to show that although the proceedings had in the County Court were irregular, yet it is an additional reason why she cannot recover on her counterclaim.

In view of the conclusions expressed, we can conceive of no theory upon which defendant could recover upon her counterclaim by a reversal of this case for an-

other trial. No amendments could be made in the County Court upon another trial which would obviate the necessity of the set-off being made in the Justice's Court, and no useful purpose could be served by a reversal because the trial court improperly sustained the special exception of limitation to the set-off.

██ The item pleaded by defendant for the first time in the County Court was not within that Court's jurisdiction, and it is well settled that a jurisdictional question may be raised at any time before the case is finally disposed of and hence may be observed by us on appeal.

The judgment rendered by the trial court was a proper one, irrespective of the means by which it was arrived at. Seeing no error justifying a reversal, the judgment of the trial court is affirmed.